```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA

ANNETTE MARIE COLEMAN,              )
                                    )
            Plaintiff,              )
                                    )
                                    )  Case No. CIV-20-174-KEW
                                    )
COMMISSIONER OF THE SOCIAL          )
SECURITY ADMINISTRATION,            )
                                    )
            Defendant.              )
```

## OPINION AND ORDER

Plaintiff Annette Marie Coleman (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined she was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of

such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 55 years old at the time of the ALJ's decision. She has an eleventh-grade education and worked in the past as a breakfast laborer at a hotel, restaurant cook, and housekeeper. Claimant alleges an inability to work beginning on July 2, 2013, due to limitations resulting from depression, anxiety disorder, learning disability, heart problems, high blood pressure, and acid reflux.

## Procedural History

On June 6, 2017, Claimant filed an application for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act and an application for supplemental

security income benefits pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On April 8, 2019, ALJ Jana Kinkade conducted a hearing in Dallas, Texas, at which Claimant testified. On May 20, 2019, ALJ Kinkade entered an unfavorable decision. Claimant requested review by the Appeals Council, and on April 6, 2020, it denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step four of the sequential evaluation. She determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform work at all exertional levels with additional limitations.

## Errors Alleged for Review

Claimant asserts (1) the RFC determination is unsupported by substantial evidence because the ALJ inappropriately relied on a lack of treatment, and (2) the ALJ's step four finding is not supported by substantial evidence because the VE's testimony is not consistent with the Dictionary of Occupational Titles ("DOT").

## Evaluation of Subjective Complaints

In her decision, the ALJ found Claimant suffered from severe impairments of major depressive disorder and anxiety disorder.

4

(Tr. 15). She determined Claimant could perform work at all exertional levels with additional limitations, including never climbing ladders, ropes, or scaffolds and avoiding exposure to extremes of heat and unprotected heights. She also limited Claimant to "simple, routine tasks and simple decision-making in an environment that involves few, if any, workplace changes." Claimant was limited to occasional interaction with supervisors, co-workers, and the public. (Tr. 19).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform her past work as a cleaner as she actually performed the position and as it is generally performed. (Tr. 22). As a result, the ALJ concluded Claimant has not been under a disability from July 2, 2013, through the date of the decision. (Tr. 22).

Claimant contends that the ALJ improperly relied upon her lack of treatment when determining that Claimant's mental impairment was not as limiting as alleged. She further argues that the ALJ failed to consider whether Claimant's mental impairment prevented her from obtaining treatment.

Social Security Ruling 16-3p, 2017 WL 5180304 (Oct. 25, 2017), provides specific guidance regarding how an ALJ should consider a claimant's subjective complaints when she determines that "the frequency or extent of the treatment sought by [a claimant] is not comparable with the degree of the [claimant's] subjective

5

complaints[.]" *Id.* at *9. It provides that the ALJ will not "find [a claimant's] symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints." *Id.* One of the reasons to consider for why a claimant does not pursue treatment is whether the claimant can afford treatment and whether he or she has access to "free or low-cost medical services." *Id.* at *10. The ALJ is required to explain how he or she considered the reason in the evaluation of a claimant's symptoms. *Id.* at *10.

As part of her evaluation of Claimant's symptoms, the ALJ noted the two-step process for the evaluation of symptoms set forth in Social Security Ruling 16-3p and the requirements under 20 C.F.R. §§ 404.1529, 416.929. She determined Claimant's medically determinable impairments could reasonably cause her alleged symptoms, but the ALJ found that Claimant's statements regarding the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence in the record. (Tr. 19-20). In reaching this determination, the ALJ primarily relied upon Claimant's lack of treatment when determining the consistency of Claimant's subjective statements. The ALJ stated:

> While the claimant has had a number of hospital admissions due to suicidal ideations . . ., she has not received much follow up treatment. Indeed, the most recent treatment is from a follow-up at JPS on March 8, 2018. Then, she was oriented to person, place, time, and

>situation. She exhibited a depressed mood and reduced affect; goal directed thought processes; and her insight and judgment were fair. . . . The undersigned reasons that someone who alleges such restrictive limitations as the claimant would seek some type of treatment. Yet, there is no evidence of the claimant receiving treatment from a counselor, therapist, psychiatrist, or any other mental health professional since March of 2018. Also, the claimant has not presented herself to any emergency department – voluntarily or otherwise, since March of 2018. This indicates that her impairments did not cause the symptoms that she alleges.

(Tr. 20).[2]

At the hearing, the ALJ and Claimant's attorney questioned Claimant about her treatment. The ALJ asked whether Claimant had received any treatment for her medical conditions in the last year, and Claimant responded that she had not. (Tr. 38). Claimant's attorney asked if she had experienced problems with her insurance, and she responded, "Yes." (Tr. 40). The ALJ then questioned Claimant about how long she had lived in Oklahoma, wherein Claimant testified she had not been in Oklahoma for a year, but she did not

---

[2] The ALJ also mentioned Claimant's lack of treatment when discussing her mental impairment when assessing the "paragraph B" criteria and broad areas of functioning. When finding that Claimant had a moderate limitation in interacting with others, the ALJ stated:

>This last exam was more than one year prior to the date of this decision. The undersigned reasons that if someone had such limiting impairments as the claimant alleges, one would have sought some type of treatment in the interim period. Nevertheless, the undersigned interprets the evidence with the widest latitude possible and finds that the claimant has a moderate limitation in this area.

(Tr. 18).

know when she moved. When the ALJ asked if Claimant had "tried to get medical treatment" since moving, Claimant responded "I, this one place[,] they want insurance. I don't know if they have free clinics there 'cuz it's a small town." (Tr. 47).

Although some questions were asked of Claimant at the administrative hearing about her lack of treatment, and her response suggested the reason was possibly financial, the ALJ did not ask any further questions. But most importantly, the ALJ's decision does not reflect how she considered Claimant's explanation for the lack of medical treatment as required under Soc. Sec. Ruling 16-3p.

The Commissioner argues that even if the ALJ failed to properly address Claimant's lack of treatment, she provided other reasons for finding Claimant's symptoms were inconsistent with the record as a whole. She asserts that the ALJ found Claimant's alleged symptoms were inconsistent with prior administrative medical findings, and the ALJ also considered several of the regulatory factors to evaluate Claimant's symptoms.

Although deference must be given to an ALJ's evaluation of Claimant's symptoms, unless there is an indication the ALJ misread the medical evidence as a whole, *see Casias*, 933 F.2d at 801, any findings by the ALJ "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)

(quotation omitted). The ALJ's decision "must contain specific reasons for the weight given to the [claimant's] symptoms, be consistent with and supported by the evidence, and be clearly articulated so the [claimant] and any subsequent reviewer can assess how the [ALJ] evaluated the [claimant's] symptoms." Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *10. An ALJ, however, is not required to conduct a "formalistic factor-by-factor recitation of the evidence[,]" but she must set forth the specific evidence upon which she relied. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Although the ALJ mentioned that Claimant's symptoms were inconsistent with prior administrative medical findings when discussing the opinion evidence, she partly relied upon Claimant's treatment history in reaching this conclusion:

> The treatment history further supports these findings: there has been little follow up with outpatient after her last hospitalization and there have been no ER visits or other emergency treatment, which suggests that the claimant's condition stabilized.

(Tr. 21). Moreover, the ALJ merely listed certain regulatory factors and summarized Claimant's testimony or statements from her function reports.[3] She did not, however, "closely and

---

[3] The ALJ stated that she considered Claimant's statements and assessed whether they were consistent with the medical evidence or other evidence in the record. She specifically indicated she considered "some" of the factors and then listed the factors, including daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate symptoms; the type, dosage, effectiveness, and side effects of any medication the individual

9

affirmatively" link her findings to substantial evidence in the record or articulate how these factors influenced her findings. *See Kepler*, 68 F.3d at 391 ("[T]he link between the evidence and credibility determination is missing; all we have is the ALJ's conclusion.").

On remand, the ALJ should conduct a proper symptom evaluation. She should properly consider Claimant's reasons for the lack of medical treatment and clearly articulate how she evaluated Claimant's symptoms. Moreover, because the ALJ's symptom evaluation affects the overall RFC determination, this Court finds the RFC is unsupported by substantial evidence, and the ALJ must reconsider the RFC on remand. *See Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009) ("Since the purpose of the [symptom] evaluation is to help the ALJ access a claimant's RFC, the ALJ's [symptom evaluation] and RFC determinations are inherently intertwined."). Based on the RFC determination, the ALJ should then determine whether Claimant can perform her past relevant work and/or other work in the national economy.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not

---

takes or has taken to alleviate pain or other symptoms; and treatment, other than medication, the individual receives or has received for relief of pain or other symptoms. Under each of these headings, the ALJ summarized Claimant's statements. (Tr. 21-22).

applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** for further proceedings consistent with the Opinion and Order.

IT IS SO ORDERED this 29th day of September, 2022.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE